**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ROGER VAN HECK,

    Plaintiff,

v.                                          Case No. 04-CV-71833-DT

MT. CLEMENS POLICE OFFICERS LEWIS
AND DISSER et al.

    Defendants.
                                      /

**OPINION AND ORDER DENYING PLAINTIFF'S "REQUEST TO SET ASIDE
JUDGMENT FOR RECONSIDERATION"**

Pending before the court is Plaintiff Roger Van Heck's "Request to Set Aside Judgment For Reconsideration." The court will construe Plaintiff's request as a motion for reconsideration. The court has determined that no hearing is required. E.D. Mich. LR 7.1(e)(1). For the reasons stated below, the court will deny Plaintiff's motion.

**I. BACKGROUND**

On February 26, 2004, Defendants Sgt. James Disser and Officer Joshua Lewis of the Mt. Clemens Police Department responded to a complaint of domestic violence at 41 Logan Apt. #3 in Mt. Clemens. The complaint was called in by Linda Montgomery, Plaintiff's girlfriend, who lived at that apartment. (Defs.' Mot. at Exs. 1, 2, and 2a; Pl.'s Compl. at 2.) Upon their arrival, the Officers interviewed Ms. Montgomery at a neighbor's apartment, #6. (Defs.' Mot. at Exs. 1, 2, and 2a.) Ms. Montgomery informed the Officers that Plaintiff had become agitated, punched her in the nose and thrown her purse in her face as they were driving toward Wilson's Café, a restaurant at which a

friend of Plaintiff's had reportedly been shot earlier that day. (*Id.* at Ex. 2.) During this interview, the Officers observed that Ms. Montgomery's nose "was swollen and red." (*Id.*) Plaintiff resided at the Logan Street apartment with Montgomery.

The officers then proceeded to Apt. #3 and knocked several times. (*Id.*) After a few minutes, Plaintiff opened the main door, but refused to open the screen door. (*Id.*) While they were standing at the door, the Officers received information via radio that Plaintiff had two outstanding warrants for his arrest, the first being for Unlawful Blood Alcohol Level and the second for Child Neglect. (*Id.*) Sgt. Disser then directed Officer Lewis to open the screen door, which he did. (*Id.*) The Officers arrested Plaintiff, searched his person and found two Florida State Driver's Licenses with Plaintiff's picture but with the name "Delmer Howard." (*Id.*) In addition, the Officers found on Plaintiff's person a credit card and an ATM card, both in the name of "Delmer Howard." (*Id.*) The Officers testified that they also recovered Plaintiff's Michigan State Driver's License located on his person. (*Id.* at Exs. 1, 2.) Plaintiff disputes this, however, asserting that he did not have a Michigan State Driver's License and that the Officers did not properly identify him prior to his arrest. (Pl.'s Resp. at 5.)

Following his arrest, Plaintiff alleges that the Officers escorted him to a patrol car and secured him while they returned to his apartment where they "conducted an unauthorized, and unwarranted search of plaintiff's home and personal papers and belongings." (Pl.'s Compl. at 2.) Plaintiff was subsequently charged with Domestic Violence (Count I), Driver's License-Forged-Possessing 2 or more (Count II), and Operating License-Forge/Alter/False ID (Count III). (Defs.' Mot. at Ex. 5.) On April 5,

2005, the Macomb County Circuit court accepted Plaintiff's plea of guilty to Counts I and III, and dismissed Count II.  (Defs.' Mot. at Ex. 6.)

In his May 14, 2004 complaint, Plaintiff alleged a violation of his Fourth Amendment rights, namely for (1) wrongful arrest; (2) illegal entry; and (3) illegal search and seizure.  (Pl.'s Compl. at 1.)  On May 17, 2005, Defendants moved for summary judgment on all claims alleging, inter alia, that the Officers, the City of Mt. Clemens, and the city's Police Department are not liable.  (Defs.' Mot. at 7,9.)  On August 3, 2005, the court issued its "Opinion and Order Granting Defendants' 'Motion for Dismissal And/Or In the Alternative Motion for Summary Judgment.'"  Plaintiff filed his motion for reconsideration on September 2, 2005.

## II.  STANDARD

Rule 7.1(g) of the Local Rules for the Eastern District of Michigan provides that a motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled," and (2) show that "correcting the defect will result in a different disposition of the case."  E.D. Mich. LR 7.1(g)(3).  A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain.  *Mktg. Displays, Inc. v. Traffix Devices, Inc.,* 971 F. Supp. 262, 278 (E.D. Mich 1997) (citing Webster's New World Dictionary 974 (3d ed. 1988)).  A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted.  E.D. Mich. LR 7.1(g)(3); *Czajkowski v. Tindall & Assocs., P.C.,* 967 F.Supp. 951, 952 (E.D. Mich. 1997).  Under the local rules, "[a] motion for reconsideration must be filed within 10 days after entry of the judgment or order."  E.D. Mich. LR 7.1(g)(1).

### III.  DISCUSSION

In his motion for reconsideration, Plaintiff argues that the court's August 3, 2005 "Opinion and Order Granting Defendants' 'Motion for Dismissal And/Or In the Alternative Motion for Summary Judgment'" and corresponding judgment in favor of Defendants was "entered prematurely and without the benefit of a court hearing as to evidence in the Plaintiff's possession, to whit there are no hard copies, only CD ROMS that must be played on a computer."  (Pl.'s Mot. at ¶ 1.)  Plaintiff states that "[at] a scheduled court hearing set for August 3, 2005 at 2:30 p.m., the Plaintiff would have been able to produce admissible evidence to his claim."  (*Id.* at ¶ 1.)  Plaintiff lists the evidence that he would have presented, including the "original copy of the 911 call made on February 26, 2004" and the testimony of Linda Montgomery.  He also includes a copy of an unsworn statement made by his neighbor, Nancy Angel.

As the court noted in its August 3, 2005 order, "no hearing [in the matter] is required."  (*See* 8/3/05 Order at 1 (citing E.D. Mich. LR 7.1(e)(2)).)  Pursuant to E.D. Mich. LR 7.1(e)(2), "[o]ral hearings on all other motions will be held unless the judge at any time prior to the hearing orders their submission and determination without oral hearing on the briefs filed as required by this rule."  E.D. Mich. LR 7.1(e)(2).  Defendants' motion was fully briefed and the court reviewed Defendants' motion in light of the briefing and the attached exhibits.

The court also notes that Plaintiff filed his motion for reconsideration nearly 30 days after the court issued its order, well after the ten days that is allotted for the filing of a motion for reconsideration.  E.D. Mich. LR 7.1(g)(1).  Accordingly,

4

## IV.  CONCLUSION

IT IS ORDERED that Plaintiff's "Request to Set Aside Judgment For Reconsideration" [Dkt. # 31] is DENIED.


    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  November 9, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 9, 2005, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522