**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ROGER VAN HECK,

    Plaintiff,

v.                                          Case No. 04-CV-71833-DT

MT. CLEMENS POLICE OFFICERS LEWIS
AND DISSER et al.

    Defendants.
_____/

**ORDER DENYING PLAINTIFF'S "MOTION TO SUBMIT
SUPPLEMENTRY [SIC] EVIDENCE"**

Pending before the court is Plaintiff Roger Van Heck's "Motion to Submit Supplementry [Sic] Evidence." The court has reviewed the briefing in this matter and concluded that a hearing is not required. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will deny Plaintiff's motion.

**I. INTRODUCTION**

In his May 14, 2004 complaint, Plaintiff alleged a violation of his Fourth Amendment rights in relation to his arrest on February 26, 2004,[1] and brought causes of action for (1) wrongful arrest; (2) illegal entry; and (3) illegal search and seizure. (Pl.'s Compl. at 1.) On May 17, 2005, Defendants moved for summary judgment on all claims alleging that the Officers, the City of Mt. Clemens, and the city's Police Department

---

[1] As a result of the incident on February 26, 2004, Plaintiff was subsequently charged with Domestic Violence (Count I), Driver's License-Forged-Possessing 2 or more (Count II), Operating License-Forge/Alter/False ID (Count III). (Defs.' Mot. For Summary Judgment at Ex. 5.) On April 5, 2005, the Macomb County Circuit court accepted Plaintiff's plea of guilty to Counts I and III, and dismissed Count II. (*Id.* at Ex. 6.)

were not liable. (Defs.' Mot. For Summary Judgment at 7 and 9.)

On August 3, 2005, the court issued an "Opinion and Order Granting Defendants' 'Motion for Dismissal and/or in the Alternative Motion for Summary Judgment'" and entered judgment in favor of Defendants. On September 2, 2005, Plaintiff filed a "Request to Set Aside Judgment for Reconsideration" and on November 9, 2005 the court issued an "Opinion and Order Denying Plaintiff's 'Request to Set Aside Judgment For Reconsideration.'" On December 27, 2005, Plaintiff filed the instant motion.

## II. DISCUSSION

In his motion, Plaintiff asks to "put on [c]ourt record a transcriped [sic], (hard copy), of the 911 call that took place on February 26, 2004." (Pl.'s Mot. at 1.) Plaintiff alleges that this "hard copy from the CD of the original 911 call" will show that "[Linda] Montgomery did not make the 911 call, but in fact, that a neighbor called 911." (*Id.*)

Plaintiff would also like to add to the court record a "transcriped [sic] hard copy from the dispatcher to the officers as they stated on their own 'that while standing outside the door, we learned of two outstanding warrants.'" (*Id.* at 3.) Plaintiff contends that the "transcript hard copy" that he would submit "covers the time of call from 22:00 hours to 22:40 hours, and no such dispatch call was made." (*Id.*)

In response, Defendants assert that "the evidence Plaintiff now seeks to admit does not change the unmistakable fact he voluntarily plead guilty to the conduct at issue in this case." (Defs.' Resp. at 1.) They also assert that "allowing Plaintiff's request would directly contravene the explicit [rule] precluding an individual from contesting probable cause in the federal courts when that same individual pled guilty in the state

criminal proceedings regarding the matter." (*Id.*)  The court agrees.

As the court noted in its August 3, 2005 order, the Sixth Circuit has held that "the pleas in state court made by [criminal] defendants and the finding of guilt and imposition of fines, by [the criminal] court estop plaintiffs from [later] asserting in federal court that the defendant police officers acted without probable cause."  *Walker v. Schaeffer*, 854 F. 2d 138, 142 (6th Cir. 1988).  On March 2, 2005, Plaintiff entered a plea of guilty before the Circuit Court for the County of Macomb for a count of domestic violence and a count for conspiracy to commit possession of a forged or fraudulent driver's license. (Defs.' Mot. For Summary Judgment at Exs. 4, 5.)  As the court stated in its August 3, 2005 order "even if the officers lacked probable cause for the arrest, Plaintiff is estopped from asserting in this court that the Officers arrested him without probable cause."  (8/3/05 Order at 7.)  Moreover, the case is closed and presently on appeal and Plaintiff has not made a showing that the case should essentially be re-opened in this court while his appeal is pending in the Sixth Circuit Court of Appeals.

### III.  CONCLUSION

IT IS ORDERED that Plaintiff's "Motion to Submit Supplementary Evidence" [Dkt. #39] is DENIED.

    S/Robert H. Cleland  
    ROBERT H. CLELAND  
    UNITED STATES DISTRICT JUDGE

Dated:  March 10, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record

on this date, March 10, 2006, by electronic and/or ordinary mail.

                                              S/Lisa Wagner
                                              Case Manager and Deputy Clerk
                                              (313) 234-5522

S:\Cleland\JUDGE'S DESK\Odd Orders\04-71833.VANHECK.DenyingMotion4ToSubmitSupplementry[Sic]Evidence.wpd